# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE BARRIENTOS RODRIGUEZ, | : | CRIMINAL NO. |
|     Movant, | : | 1:01-CR-0713-CC-JSA-8 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2521-CC-JSA |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## **FINAL REPORT AND RECOMMENDATION**

Movant, Jose Barrientos Rodriguez, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 242]. Presently before the undersigned for consideration are: Movant's § 2255 motion to vacate [Doc. 242]; the United States's (hereinafter "Government's") response to the motion to vacate [Doc. 244]; and Movant's reply to the Government's response [Doc. 245]. For the reasons discussed below, the undersigned recommends that Movant's § 2255 motion be denied.[1]

---

[1] Prior to serving as a U.S. Magistrate Judge, the undersigned served as an Assistant U.S. Attorney ("USAO") in the same office that prosecuted Movant, from approximately 2004 through June 1, 2012. The undersigned served as deputy chief of the economic crime section of the USAO for some of that period. The undersigned had no personal or supervisory involvement over defendant's case.

Although no request for recusal has been made, the undersigned will briefly explain why he has not recused *sua sponte*. Title 18 U.S.C. § 455(b)(3) requires a judge who previously served in government to recuse only if the judge actually

I. Background

On June 26, 2001, a grand jury sitting in the Northern District of Georgia returned an indictment against Movant charging him with: (1) conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); (2) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii); and (3) knowingly and willfully, and by means and use of a dangerous weapon, assaulting and interfering with agents of the Drug Enforcement Administration, in violation of 18 U.S.C. §§ 111(a)(i), 111(b), and 2.

---

participated in the case. *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995). In other words, "a judge is not subject to mandatory disqualification based on the mere fact that another lawyer in his prior government office served as an attorney on the matter." *United States v. Champlin*, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005). Several courts have held that "an Assistant United States Attorney is only disqualified from cases on which he or she actually participated." *Id.* (citing *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum*, 67 F.3d at 83 (same); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) (same). "[T]he same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case." *Champlin*, 388 F. Supp. 2d at 1181; *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988). As the undersigned was uninvolved in this case and otherwise perceives no ground for recusal, the Court does not *sua sponte* find that recusal is warranted.

2

On March 17, 2010, Movant entered a negotiated plea of guilty to conspiracy to possess with the intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii). [Docs. 211 and 212]. Movant entered into a written plea agreement with the Government, in which Movant waived his right to appeal or collaterally attack his sentence in the plea agreement. [Doc. 212 at 7, ¶ 12]. However, Movant reserved the right to appeal a sentence higher than the otherwise applicable advisory sentencing guideline range. [*Id.*]. Movant also reserved his right to appeal if the Government appealed the sentence. [*Id.*].

On July 30, 2010, the Court sentenced Movant to 264 months of imprisonment. [Docs. 229, 239]. Movant did not file an appeal of his conviction or sentence with the United States Court of Appeals for the Eleventh Circuit.

On July 29, 2011, Movant filed the instant motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 242]. In his motion, Movant raises two ineffective assistance of counsel claims: (1) counsel failed to show that "petitioner was 'detained' in Mexico jail prior to his extradition for purposes of 'credit' for time spent in Mexico jail waiting extradition;" and (2) counsel "failed in citing and presented before this court case's law and arguments regarding the 'credit' for the time petitioner spent in Mexico jail while waiting to be extradited to the United States[.]" [*Id.*].

3

II. <u>Standard of Review</u>

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief.

4

*United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

III. Discussion

The Government contends that the claims raised by Movant in his § 2255 motion should not be entertained by the Court because Movant, under the negotiated plea agreement, waived the right to collaterally attack his sentence.[2] The waiver signed by Movant states:

> 12. **LIMITED WAIVER OF APPEAL:** To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

[Doc. 212 at 7-8].

A defendant who enters into a plea agreement may waive his right to appeal

---

[2] The Government also argues that Movant's claims fail on the merits. However, as discussed below, the undersigned finds that the Court should not reach the merits of the claims, because Movant waived his right to raise them.

5

or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961 (2002); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" *Bushert*, 997 F.2d at 1350 (quoting *United States v. Rutan*, 956 F.2d 827, 830 (8th Cir. 1992)). The Eleventh Circuit has held that an appeal waiver "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Furthermore, "[a] defendant may not attack the effectiveness of his sentencing counsel where there is a valid sentence appeal waiver in effect that prohibits a direct or collateral challenge on any ground." *United States v. Wilson*, 445 F. App'x 208, 208 (11th Cir. 2011) (citing *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005)).

In the case at bar, Movant acknowledged at the plea hearing that he had signed the plea agreement and Movant's counsel indicated that he had gone over the plea

6

agreement with Movant. [Doc. 247 at 3]. In addition, the Court specifically addressed the negotiated appeal waiver with Movant during the Rule 11 plea colloquy as follows:

> THE COURT: Do you also understand that under some circumstances you or the government may have the right to appeal any sentence this Court might impose pursuant to the guidelines?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Mr. Rodriguez, in your plea agreement with the government, do you understand that you have waived your right to appeal your case except in two circumstances? If the government were to appeal, then you would be free to appeal; or if this Court were to impose a sentence that is higher than the applicable custody guideline range, then you will be able to appeal. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you also understand that you waive your right to collaterally attack your conviction and sentence in any postjudgment proceedings? Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Post-conviction proceeding, rather. Thank you. Mr. Rodriguez, do you understand that if the sentence is more severe than you expected, you will still be bound by your plea and will have no right to withdraw it?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Mr. Rodriguez, is your plea of guilty as to Count One of this indictment entirely free and voluntary? That is, of your own free will.

7

THE DEFENDANT: Yes, Your Honor.

[Doc. 247 (sealed) at 17-18].

Here, it is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence. Movant specifically acknowledged by signing the plea agreement and a separate certification that he understood that the appeal waiver in the plea agreement would prevent him, with the narrow exceptions stated, from appealing his conviction and sentence or challenging them in any post-conviction proceeding. [Doc. 212 at 7, 9-10]. Further, the Court thoroughly explained to Movant during the plea colloquy that he was waiving his right to collaterally attack his sentence except for the two circumstances described in the waiver, and Movant indicated that he understood that he had waived his right. [Doc. 247 at 18]; *see United States v. Stevenson*, 131 F. App'x 248, 250 (11th Cir. May 12, 2005) (holding that, for a waiver to be valid, "during the plea colloquy, the district court must at least refer to the fact that the defendant is waiving his rights to appeal his sentence under most or certain circumstances"). Moreover, the Court specifically found at the plea hearing that Movant's plea was made knowingly and voluntarily. [Doc. 247 at 26]. Thus, Movant's waiver is valid.

When a movant challenges the constitutionality of his conviction or sentence

8

after having waived the right to do so in a plea agreement, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342.

Here, both of Movant's ineffective assistance of counsel claims deal with sentencing issues, and not the negotiation of the plea or waiver. *Cf. Gomez-Estupinan v. United States*, No. 8:04CR84T24TGW, 2005 WL 2850070 (M.D. Fla. Oct. 28, 2005) (holding defendant's claim in motion to vacate raising ineffective assistance of counsel for failure to urge court to apply safety valve was waived by valid sentence appeal waiver). Thus, Movant's waiver of his rights to challenge his sentence is controlling with respect to the two grounds for relief that he raises in his

9

motion. Movant cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.

IV. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived his right to collaterally attack his sentence. Accordingly, **IT IS RECOMMENDED** that a certificate of appealability be **DENIED**.

10

V. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Movant Jose Barrientos Rodriguez's motion to vacate sentence [Doc. 242] be **DENIED**, and that he be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 30th day of October, 2012.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)