## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOSE BARRIENTOS RODRIGUEZ,    :     CRIMINAL NO.
     Movant,                     :     1:01-CR-0713-CC-JSA-8
                                  :
     v.                            :     CIVIL ACTION NO.
                                  :     1:11-CV-2521-CC-JSA
UNITED STATES OF AMERICA,    :
     Respondent.             :     28 U.S.C. § 2255

## <u>ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AS THE ORDER OF THIS COURT</u>

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Justin S. Anand [Doc. 248], and Movant's Objections thereto, [Doc. 250]. In the R&R, Magistrate Judge Anand recommends denying Movant's motion to vacate sentence under 28 U.S.C. § 2255.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which Movant has objected. The Court reviews the remainder of the R&R for plain error. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983). However, where a movant does not file *specific objections* to factual findings and recommendations of the magistrate judge, this Court need not perform a *de novo* review. <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citing <u>inter</u> <u>alia</u>

Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988)).

In the R&R [Doc. 248], Magistrate Judge Anand recommends dismissing Movant's ineffective assistance of counsel claims related to sentencing because Movant's waiver in his negotiated plea agreement precludes him from raising those claims.

In his objections [Doc. 250], Movant  argues that his counsel never explained to him what it meant to "collaterally attack" his conviction and sentence, and that the Court failed to explain that he was waiving his right to raise an ineffective assistance claim in a § 2255 motion.  [Id. at 3].  Movant also argues the merits of his ineffective assistance of counsel at sentencing claims.  Lastly, Movant contends that Magistrate Judge Anand should have recused himself from the case based on his prior position as an Assistant U.S. Attorney.

Movant's objections are without merit.  It is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence.  Movant specifically acknowledged by signing the plea agreement and a separate certification that he understood that the appeal waiver in the plea agreement would prevent him, with the narrow exceptions stated, from appealing his conviction

2

and sentence or challenging them in any post-conviction proceeding, including a § 2255 proceeding, on any ground. [Doc. 212 at 7, 9-10]. Further, the Court specifically addressed the negotiated appeal waiver with Movant during the plea colloquy, and Movant indicated that he understood that he was giving up the right to collaterally attack his sentence. [Doc. 1369 at 15-16]. The Court notes that, to the extent that Movant contends for the first time in his objections that he did not understand what "collaterally attack" meant due to his limited ability to speak or read English, an interpreter was present at the plea hearing. [Doc. 211]. Movant could have asked the Court to explain the term at the hearing, but he did not. The Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). Accordingly, Movant's objections are overruled.

Movant's argument that Magistrate Judge Anand should have recused himself from the case is without merit. As explained by Magistrate Judge Anand in the R&R, he had no personal or supervisory involvement in Movant's case during his tenure as an Assistant U.S. Attorney. Thus, Movant's objection regarding recusal is overruled.

3

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Petitioner's Objections.  Movant's § 2255 motion [Doc. 242] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED.**

**IT IS SO ORDERED** this 5th day of April, 2013.

*s/ CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

4